UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE WOODS,

    Petitioner,                                         Case No. 1:07-cv-1259

v                                                            HON. JANET T. NEFF

KENNETH McKEE,

    Respondent.
_____/

**OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 following Petitioner's jury conviction for kidnaping pursuant to MICH. COMP. LAWS § 750.349. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

**I**

Petitioner asserts objections to the Magistrate Judge's analysis of all four grounds raised in his original petition.

1

## A. Sufficiency of the Evidence

First, Petitioner argues that the Magistrate Judge erred in finding that sufficient evidence supported Petitioner's forcible kidnaping conviction (Pl. Obj., Dkt 38 at 3; R & R, Dkt 25 at 26-27). Petitioner asserts that the Magistrate Judge based his finding "upon the trial judge's denial of Petitioner's request for a directed verdict" (Dkt 38 at 3). Petitioner argues that the trial judge "bound the Petitioner over on kidnapping [sic] and not extortion, because the judge did not find that there was sufficient evidence of a **threat** made by the Petitioner" (*id.*). Petitioner points to this fact as conclusive evidence that no threats or force was used (*id.* at 4). Petitioner also disputes the Magistrate Judge's determination that sufficient evidence supported a finding of the asportation element of the crime (Dkt 38 at 5).

Petitioner's argument is without merit. The law in Michigan is settled that any insufficiency of the evidence at a preliminary examination does not invalidate a jury conviction based on sufficient evidence at the trial. *People v. Johnson*, 398 N.W.2d 219, 227 (Mich. 1986). Here, even if a finding that there was no "threat" required for extortion was relevant to determining whether a kidnaping was "forcible," any failure of evidence at the preliminary examination is irrelevant to a determination of whether sufficient evidence was produced at trial to support a conviction. Further, extortion and kidnaping are distinctly different statutory crimes, with different statutory elements. MICH. COMP. LAWS §§ 750.213, 349. As such, a finding that no threat was made which could support a charge of extortion does not, in and of itself, prevent a finding of forcible confinement sufficient to support a charge of kidnaping.

As noted by Petitioner, the Magistrate Judge quoted from the trial judge's decision to deny Petitioner's motion for directed verdict (Dkt 25 at 22-25). In the excerpt, the trial judge articulated

2

his determination that, under Michigan state law, "force" can be established even in the absence of physical touching (Dkt 38 at 25). Petitioner does not dispute the accuracy of this quote, and the trial court's state-law determinations are outside the scope of habeas corpus review. *See* 28 U.S.C. § 2254(d) (limiting the source of law for habeas review to cases decided by the United States Supreme Court). The Magistrate Judge properly concluded that the evidence presented at trial was sufficient to support Petitioner's conviction under the law as interpreted by the state court (Dkt 38 at 26). In his objection, Petitioner expresses disagreement with the Magistrate Judge's determination as to asportation, but does not identify any legal or factual errors in the Magistrate Judge's reasoning. Instead, Petitioner's argument appears to be that the failure to properly instruct the jury as to this element amounts to constitutional error. *See infra* Part B3. Because the Court finds no error in the Magistrate Judge's analysis, Petitioner's objection as to the sufficiency of the evidence is denied.

## B. Due Process

Next, Petitioner argues that the Magistrate Judge erred in concluding that Petitioner was not denied his due process rights (Dkt 38 at 7). Petitioner's due process arguments are based on his objections to the following: (1) the trial court's denial of Petitioner's motion for a directed verdict; (2) several of the trial court's evidentiary rulings; and (3) the trial court's failure to provide specific jury instructions on force and asportation.

### 1. Directed verdict

Petitioner's initial due process objection is based on the failure of the trial court to grant Petitioner's motion for directed verdict (Dkt 38 at 8, Dkt 25 at 28). Petitioner expresses disagreement with the Magistrate Judge's analysis, but points to no factual or legal errors by the

3

Magistrate Judge. Because the Magistrate Judge properly determined that there was sufficient evidence to support Petitioner's conviction, the Magistrate Judge's conclusion that the denial of Petitioner's motion was not constitutional error was also proper.

**2. Evidentiary rulings**

Next, Petitioner argues that the Magistrate Judge erred in concluding that no constitutional concerns were implicated by the trial court's evidentiary rulings (Dkt 38 at 9-10, Dkt 25 at 29). Petitioner claims that the trial court erred by: (1) allowing evidence of a threat made by Petitioner to the victim on the day after the kidnaping; (2) denying Petitioner's request to ask the victim whether she believed she had been kidnaped; and (3) allowing the prosecution to play the recorded statement of a witness for impeachment purposes.

Petitioner's objection as it relates to the evidence of the threat simply reiterates Petitioner's earlier argument to the Magistrate Judge and demonstrates no legal or factual errors by the Magistrate Judge. In the case cited by Petitioner, *Cooper v. Sowders*, 837 F.2d 284 (6th Cir. 1988), the trial court improperly referred to a testifying police officer as an expert, allowed him to give opinion testimony about the guilt or innocence of the defendant and other suspects in the case, and allowed him to testify about the credibility of the police informant. The Sixth Circuit Court of Appeals found that the case was a "close case" and that the cumulative errors resulted in fundamental unfairness to the defendant. *Id.* at 288. In this case, the Magistrate Judge properly found that Petitioner had failed to demonstrate that the admission was fundamentally unfair, noting that evidence of the threat was "highly relevant to the question of force" (Dkt 25 at 30).

With respect to the cross-examination of the victim, Petitioner quotes a portion of *United States v. Garrett*, 542 F.2d 23 (6th Cir. 1976). In particular, Petitioner emphasizes the following

4

excerpt:

> However, a limitation on cross-examination which prevents a person charged with a crime from placing before the jury *facts* from which bias, prejudice or lack of credibility of a prosecution witness might be inferred constitutes denial of the right of confrontation guaranteed by the Sixth Amendment.

*Id.* at 25 (emphasis added).

The Magistrate Judge properly found that Petitioner's question about whether the victim believed she had been kidnaped asked for a legal conclusion, *not* relevant facts (Dkt 25 at 30). As such, the Magistrate Judge correctly found that the trial court's refusal did not violate Petitioner's right to confront witnesses against him. *See also Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (noting that "trial judges retain wide latitude . . . to impose reasonable limits on [] cross-examination").

Finally, Petitioner asserts that the Magistrate Judge erred in concluding that the introduction of the recorded statement of witness Mike Underwood did not deprive Petitioner of due process. In support of his assertion, Petitioner argues that the recording contained inadmissible evidence, and that the admission of this evidence constitutes a violation of his due process right to a fair trial (Dkt 38 at 11-12). Petitioner's objection is without merit.

The Magistrate Judge correctly noted that reviews of state court evidentiary determinations "are no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). When reviewing state court evidentiary determinations, "[t]he court may only grant relief if Petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts" (Dkt 25 at 29) (citation omitted). The Magistrate Judge properly found that the trial court

5

committed no error in admitting the statement and that Petitioner waived his objection to the inadmissible reference when he declined to move for a mistrial after the evidence was inadvertently introduced (Dkt 25 at 31-32).

Petitioner identifies no specific factual or legal error in the Magistrate Judge's report, but reiterates his prior arguments and cites an additional case, *Fahy v. Connecticut*, 375 U.S. 85 (1963), in support of his claim. Even assuming arguendo that *Fahy* is not factually distinguishable from Petitioner's case, the Court agrees with the Magistrate Judge's determination that Petitioner waived this objection and therefore adopts the conclusion of the Magistrate Judge. *See United States v. Mezzanatto*, 513 U.S. 196, 203 (1995) (quoting *United States v. Coonan*, 938 F.2d 1553, 1561 (2d Cir. 1991) ("[a] criminal defendants [is] not entitled 'to evade the consequences of an unsuccessful tactical decision.'")); *see also Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (holding that "in determining whether habeas relief must be granted because of constitutional error of the trial type," the test is "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict'") (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Petitioner has failed to show that any error had a substantial and injurious effect on the jury's verdict and, as such, Petitioner's objection is without merit under established Supreme Court precedent.

### 3. Jury instructions

Petitioner's final due process objection is that the Magistrate Judge erred in concluding that the trial court's refusal to provide requested jury instructions on asportation and force was not constitutional error (Dkt 38 at 12). However, Petitioner presents no factual or legal errors made by the Magistrate Judge. The Magistrate Judge properly found that Petitioner failed to show fundamental unfairness sufficient to implicate due process considerations (Dkt 25 at 33). Because

6

the Court finds no error in the Magistrate Judge's analysis, Petitioner's objection is denied.

## C. Prosecutorial Misconduct

Petitioner next objects to the Magistrate Judge's conclusion that Petitioner's prosecutorial misconduct claims fail to implicate due process concerns (Dkt 38 at 12, Dkt 25 at 39). Petitioner specifically objects to the following conduct: (1) the prosecutor's introduction of the recorded statement of Mike Underwood; (2) remarks by the prosecutor which Petitioner characterizes as "a personal attack on defense counsel," (Dkt 38 at 15); and (3) alleged prejudicial misstatements made by the prosecutor that Petitioner contends mislead the jury.

Petitioner first objects to the Magistrate Judge's determination that the introduction of Mike Underwood's recorded statement was not fundamentally unfair. Petitioner identifies no specific error in the Magistrate Judge's reasoning, but simply disagrees with the Magistrate Judge's determination. For the reasons previously discussed, the Court finds no error in the Magistrate Judge's analysis of this issue.

Next, Petitioner argues that the Magistrate Judge improperly found that statements made by the prosecutor did not constitute an attack on opposing counsel that deprived Petitioner of his right to a fundamentally fair trial (Dkt 38 at 14, Dkt 25 at 37). Petitioner identifies no error in the Magistrate Judge's analysis, but simply disagrees with the Magistrate Judge's decision. The federal cases Petitioner cites are factually distinguishable from Petitioner's case. *See Bruno v. Rushen*, 721 F.2d 1193, 1195 (9th Cir. 1983) (noting that the prosecutor engaged in "insidious attacks on [the defendant's] exercise of his constitutional right to counsel and . . . on the integrity of defense counsel . . . ."); *Berger v. United States*, 295 U.S. 78, 84 (1935) (prosecutor misstated the facts, put words into the mouths of witnesses, and "assumed prejudicial facts not in evidence"); *Bates v. Bell*, 402 F.3d

635, 647 (6th Cir. 2005) (concluding that prosecutor's misconduct was "so flagrant" that it warranted reversal). Here, the Magistrate Judge properly found that the prosecutor's comments did not constitute misconduct because the comments were either (1) not clearly directed at defense counsel; or (2) misstatements of defense counsel's statements that were not prejudicial in light of the jury's ability to "hear and remember what was actually said" and the court's instruction that "the remarks of attorneys are not evidence" (Dkt 25 at 38).

Finally, Petitioner argues that the Magistrate Judge erred in holding that the prosecutor's characterizations of the evidence did not violate his due process rights (Dkt 38 at 16). In support of this objection, Petitioner cites *Washington v. Hofbauer*, 228 F.3d 689 (6th Cir. 2000). As Petitioner notes, prosecutorial misconduct was found in *Washington* where the prosecutor argued that the victim's story had not changed over the course of conversations with several people, even though no evidence had been presented as to what the victim had stated in all but one of those conversations. *Id.* at 700. There, the prosecutorial misconduct at issue was the prosecutor's reference to statements that were not in evidence, which the court found were intended to enhance the victim's credibility. *Id.* at 701. The statements in this case, however, were not references to evidence which was not on the record, but were found by the Magistrate Judge to be "reasonable commentaries on the evidence or reasonable inferences from that evidence" (Dkt 25 at 39). For this reason, and because the Court finds no error in the Magistrate Judge's analysis, Petitioner's objection is denied.

**D. Ineffective Assistance of Counsel**

Last, Petitioner asserts that the Magistrate Judge erred in denying his ineffective assistance of counsel claim (Dkt 38 at 17). Petitioner, however, makes no specific objections to the Magistrate Judge's Report and Recommendation and simply "stands upon the argument that is already before

8

this Honorable Court" (Dkt 38 at 17). Having found no error in the Magistrate Judge's analysis that Petitioner's ineffective assistance claim is moot, the Court denies Petitioner's objection.

## II

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

## III

A Final Order will be entered consistent with this Opinion.


Date: January 28, 2011                           /s/ Janet T. Neff
                                                 JANET T. NEFF
                                                 United States District Judge

9